EW

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

JANET M. COLQUITT

Plaintiff(s),

v.

JP MORGAN CHASE & CO

Defendant(s).

1:19-cv-01871
Judge John Z. Lee
Magistrate Judge Susan E. Cox

**FILED**

MAR 18 2019

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

### COMPLAINT OF EMPLOYMENT DISCRIMINATION

1. This is an action for employment discrimination.
2. The plaintiff is JANET M. COLQUITT of the county of COOK in the state of ILLINOIS.
3. The defendant is JP MORGAN CHASE & CO, whose street address is 10 SOUTH DEARBORN, (city) CHICAGO (county) COOK (state) IL (ZIP) 60603
(Defendant's telephone number) (212) - 270 - 4247
4. The plaintiff sought employment or was employed by the defendant at (street address) 10 SOUTH DEARBORN (city) CHICAGO (county) COOK (state) IL (ZIP code) 60603

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

Rev. 06/27/2016

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

5. The plaintiff [*check one box*]

    (a) ☐ was denied employment by the defendant.

    (b) ☐ was hired and is still employed by the defendant.

    (c) ☒ was employed but is no longer employed by the defendant.

6. The defendant discriminated against the plaintiff on or about, or beginning on or about, (month) 01, (day) 01, (year) 2013.

7.1 *(Choose paragraph 7.1 or 7.2, do not complete both.)*

    (a) The defendant is not a federal governmental agency, and the plaintiff [*check one box*] ☒ *has* ☐ *has not* filed a charge or charges against the defendant asserting the acts of discrimination indicated in this complaint with any of the following government agencies:

        (i) ☒ the United States Equal Employment Opportunity Commission, on or about (month) 03 (day) 26 (year) 2018.

        (ii) ☒ the Illinois Department of Human Rights, on or about (month) 03 (day) 26 (year) 2018.

    (b) If charges *were* filed with an agency indicated above, a copy of the charge is attached. ☒ Yes, ☐ No, **but plaintiff will file a copy of the charge within 14 days.**

It is the policy of both the Equal Employment Opportunity Commission and the Illinois Department of Human Rights to cross-file with the other agency all charges received. The plaintiff has no reason to believe that this policy was not followed in this case.

7.2 The defendant is a federal governmental agency, and

    (a) the plaintiff previously filed a Complaint of Employment Discrimination with the

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

defendant asserting the acts of discrimination indicated in this court complaint.

☐ Yes (month)_____ (day)_____ (year)_____

☐ No, did not file Complaint of Employment Discrimination

(b) The plaintiff received a Final Agency Decision on (month)_____

(day)_____ (year)_____.

(c) Attached is a copy of the

(i) Complaint of Employment Discrimination,

☐ Yes  ☐ No, but a copy will be filed within 14 days.

(ii) Final Agency Decision

☐ Yes  ☐ N0, but a copy will be filed within 14 days.

8. *(Complete paragraph 8 only if defendant is not a federal governmental agency.)*

(a) ☐ the United States Equal Employment Opportunity Commission has not issued a *Notice of Right to Sue.*

(b) ☒ the United States Equal Employment Opportunity Commission has issued a *Notice of Right to Sue,* which was received by the plaintiff on (month) 02 (day) 28 (year) 2019 a copy of which *Notice* is attached to this complaint.

9. The defendant discriminated against the plaintiff because of the plaintiff's *[check only those that apply]*:

(a) ☐ Age (Age Discrimination Employment Act).

(b) ☐ Color (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

    (c) ☐ Disability (Americans with Disabilities Act or Rehabilitation Act)

    (d) ☐ National Origin (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).

    (e) ☒ Race (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).

    (f) ☐ Religion (Title VII of the Civil Rights Act of 1964)

    (g) ☐ Sex (Title VII of the Civil Rights Act of 1964)

10. If the defendant is a state, county, municipal (city, town or village) or other local governmental agency, plaintiff further alleges discrimination on the basis of race, color, or national origin (42 U.S.C. § 1983).

11. Jurisdiction over the statutory violation alleged is conferred as follows: for Title VII claims by 28 U.S.C.§1331, 28 U.S.C.§1343(a)(3), and 42 U.S.C.§2000e-5(f)(3); for 42 U.S.C.§1981 and §1983 by 42 U.S.C.§1988; for the ADA by 42 U.S.C.§12117; for the Rehabilitation Act, 29 U.S.C. § 791; and for the ADEA, 29 U.S.C. § 626(c).

12. The defendant [*check only those that apply*]
    (a) ☐ failed to hire the plaintiff.
    (b) ☒ terminated the plaintiff's employment.
    (c) ☐ failed to promote the plaintiff.
    (d) ☐ failed to reasonably accommodate the plaintiff's religion.
    (e) ☐ failed to reasonably accommodate the plaintiff's disabilities.
    (f) ☒ failed to stop harassment;
    (g) ☒ retaliated against the plaintiff because the plaintiff did something to assert rights protected by the laws identified in paragraphs 9 and 10 above;
    (h) ☒ other (specify): *OPPOSITION TO DISCRIMINATORY PRACTICES - RETALIATION*

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

_CONTINUING ACTION_

13. The facts supporting the plaintiff's claim of discrimination are as follows:

    "SEE ADDITIONAL PAGE"
    THE PARTICULARS of Ms. COLQUITT'S CHARGE

14. **[AGE DISCRIMINATION ONLY]** Defendant knowingly, intentionally, and willfully discriminated against the plaintiff.

15. The plaintiff demands that the case be tried by a jury. ☒ Yes ☐ No

16. THEREFORE, the plaintiff asks that the court grant the following relief to the plaintiff [*check only those that apply*]

    (a) ☐ Direct the defendant to hire the plaintiff.

    (b) ☐ Direct the defendant to re-employ the plaintiff.

    (c) ☐ Direct the defendant to promote the plaintiff.

    (d) ☐ Direct the defendant to reasonably accommodate the plaintiff's religion.

    (e) ☐ Direct the defendant to reasonably accommodate the plaintiff's disabilities.

    (f) ☒ Direct the defendant to (specify): _PAY LOST WAGES of TWO-FIVE YEARS - DUE TO FORCED EARLY RETIREMENT ($140,000.00 - $370,000.00) EST._

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

(g) ☒ If available, grant the plaintiff appropriate injunctive relief, lost wages, liquidated/double damages, front pay, compensatory damages, punitive damages, prejudgment interest, post-judgment interest, and costs, including reasonable attorney fees and expert witness fees.

(h) ☒ Grant such other relief as the Court may find appropriate.

_Janet M Colquitt_
(Plaintiff's signature)

_JANET M. COLQUITT_
(Plaintiff's name)

_1015 MAPLE RD_
(Plaintiff's street address)

(City)_FLOSSMOOR_ (State)_IL_ (ZIP)_60422_

(Plaintiff's telephone number) (_708_) – _629-1272_

Date: _March 18, 2019_

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

*"ITEM #13 CONTINUED"*

The particulars of Ms. Colquitt's charge are as follows:

Ms. Colquitt worked for JP Morgan's offices in Chicago for nearly twenty-eight years before she was fired on February 1, 2018. At all times relevant to this charge, she worked as a Portfolio Administrator at JP Morgan's office at 10 South Dearborn Street in Chicago. Her supervisor at the time of her firing also is an African American female. This supervisor also supervised another Portfolio Administrator who is a Caucasian female. Ms. Colquitt perceived that her superviso provided favorable treatment to this Caucasian colleague with respect to training, work opportunities and feedback. When Ms. Colquitt complained about this treatment, her supervisor placed her on a performance improvement plan (PIP) on December 19, 2016. She completed the PIP and was told by her supervisor that her performance was fully satisfactory. However, on October 26, 2017, Ms. Colquitt sen an email to her supervisor thanking her for additional responsibilities and expressing her hope that she will receive the same training her supervisor had provided her colleague in undertaking the work. This infuriated the supervisor who, the following day, issued a letter of warning to Ms. Colquitt.

The letter of warning provides that Ms. Colquitt could be terminated at any time. Ms. Colquitt had complained not only to her supervisor but also to JP Morgan Human Resources personnel about her supervisor's conduct, including her belief that she was being subjected to discriminatory treatment and a hostile work environment. She informed HR that her supervisor was determined to fire her. That prophecy was fulfilled when, on February 1, 2018, the supervisor informed Ms Colquitt that she was terminated and arranged to have security personnel escort he out of the building.

*"ITEM #13 CONTINUED"*

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| | |
|---|---|
| To: Janet Colquitt<br>c/o Waite P. Stuhl<br>Attorney At Law<br>6342 Waterman Avenue<br>Saint Louis, MO 63130 | From: Chicago District Office<br>500 West Madison St<br>Suite 2000<br>Chicago, IL 60661 |

☐ On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 440-2018-03980 | Daniel Gajda,<br>Investigator | (312) 869-8131 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other (briefly state)

## - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

_____  12/19/18
Julianne Bowman,                  (Date Mailed)
District Director

Enclosures(s)

cc: Diane Padilla
Assistant General Counsel
JP MORGAN CHASE BANK
10 S. Dearborn
20th Floor
Chicago, IL 60603